IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| RXCROSSROADS 3PL LLC,<br><br>   Plaintiff,<br><br>v.<br><br>TODD ELLIOTT and BIO PHARMA LOGISTICS, LLC,<br><br>   Defendants. | Case No. 3:25-cv-00107-DJH<br><br>*Filed Electronically* |

**STIPULATED PERMANENT INJUNCTION**

This matter coming before this Court upon Plaintiff RXCrossroads 3PL, LLC ("McKesson") and Defendants Todd Elliott's ("Elliott") and Bio Pharma Logistics, LLC's ("BPL") (collectively, "the Parties") Stipulation as to Entry of a Permanent Injunction, the Court being fully advised in the premises that the Parties have reached a settlement agreement regarding this matter and have stipulated to the entry of permanent injunctive relief as part of that settlement, it is hereby ORDERED that :

  1. By agreement of the Parties, Elliott is enjoined from communicating with any other BPL employee, officer, director, or agent, being present at BPL's facilities, undertaking or having any substantive duties or responsibilities, or having any role at BPL prior to September 1, 2025, except that Elliott may communicate with BPL's President, Steve Snyder, or any outside payroll company. for the limited purpose of addressing onboarding logistics and other administrative matters directly related to employment status, provided that such communication shall not involve any substantive business matters or operational discussions.

  2. Defendant Todd Elliott is enjoined from directly or indirectly, on behalf of BPL, himself, or any other person, soliciting, attempting to solicit, calling upon, or attempting to

solicit or call upon any of the customers that he formerly serviced during his employment at McKesson, at any time before February 21, 2026, except Elliott's contact with such customers after he begins work at BPL shall not be considered a violation of this restriction so long as such contact does not involve direct or indirect solicitation of said customers for the duration of the non-solicitation restriction.

3. Defendant Todd Elliott is enjoined from directly or indirectly, on behalf of BPL, himself, or any other person, soliciting, or attempting to solicit, calling upon, or attempting to solicit or call upon any of current McKesson's employees at any time before February 21, 2026.

4. Defendant Todd Elliott is permanently enjoined from possessing, using, or disclosing any of McKesson's confidential, proprietary, and/or trade secret information.

5. Until August 31, 2025, Elliott and BPL are enjoined from directly or indirectly soliciting for employment or engagement any current employee or contractor of McKesson's vendor, CRST. This restriction applies to BPL, its affiliates, subsidiaries, and any other entity owned or controlled by BPL's President, Steve Snyder.

6. This matter is otherwise dismissed with prejudice pursuant to the parties' settlement agreement, with the Court retaining jurisdiction to enforce the terms of this order and the parties' agreement.

July 10, 2025

**David J. Hale, Judge**
**United States District Court**